UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS LEWIS and LETICIA LEWIS, | Case No.: 18-cv-0843-WQH-NLS |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA, WILLIAM GORE, DIANE JACOB, and HELEN MEYERS, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant United States of America (ECF No. 3).

**I.  Background**

On March 29, 2018 Plaintiffs Thomas Lewis and Leticia Lewis initiated this action by filing a form Complaint (ECF No. 1-2) against Bill McGowan,[1] William Gore, Diane Jacob, and Helen Meyers in the Superior Court of California, County of San Diego. The boxes on the Complaint for "intentional tort" and "business tort/unfair business practice"

---

[1] Plaintiffs incorrectly spelled Bill McGowan's last name "McGowen." *See* ECF No. 2

1

are checked. (ECF No. 1-2 at 4, 8). The Complaint alleges that the Defendants "aided and abetted [a] racist bigoted hostile hate group" and "supported and empowered doe pilots acting in a racist bigoted host[ile] group directed towards our family." *Id.* at 5. The Complaint alleges that the actions of the Defendants infringed upon Plaintiffs' "right[] to live in peace without fear" and prevented Plaintiffs from "[o]perat[ing their] licensed childcare facility as [they] had done for the past 30 years." *Id.*

On May 1, 2018, the United States of America, "as the party to be substituted in this action for William J. McGowan III," removed this case to this Court. (ECF No. 1). On May 16, 2018, the United States of America was substituted for William McGowan. (ECF No. 2). On May 29, 2018, the United States filed a Motion to Dismiss Plaintiffs' claim against it under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 3). On June 22, 2018, Plaintiffs filed a Response to the Motion to Dismiss. (ECF No. 5). On June 25, 2018, the United States filed a Reply in Support of the Motion to Dismiss. (ECF No. 6).

## II. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

> A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

2

18-cv-0843-WQH-NLS

## III. Discussion

The United States contends that Plaintiffs' claim against the United States should be dismissed because the United States has not waived its sovereign immunity from Plaintiffs' claim. (ECF No. 3-1 at 4). Plaintiffs' Response to the Motion to Dismiss does not address whether the United States has waived its sovereign immunity. *See* ECF No. 5.

District courts have subject matter jurisdiction over "action[s] against the United States only to the extent that the government waives its sovereign immunity." *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). The Federal Tort Claims Act includes a general waiver of the United States' immunity from claims for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346. A "plaintiff bears the burden of persuading the court that it has subject matter jurisdiction under the FTCA's general waiver of immunity." *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

The only allegations concerning the cause of Plaintiffs' injuries are that the Defendants "aided and abetted [a] racist bigoted hostile hate group" and "supported and empowered doe pilots acting in a racist bigoted host[ile] group directed towards our family." (ECF No. 1-2 at 5). The factual allegations in the Complaint do not establish that Plaintiffs' claim against the United States is for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346. Consequently, Plaintiffs have failed to "show in [their] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Tosco*, 236 F.3d at 499.

## III. Conclusion

The Motion to Dismiss (ECF No. 3) is GRANTED. Plaintiffs' claim against the United States is DISMISSED without prejudice.

Dated: August 6, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court