UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEWIS and LETICIA LEWIS,<br><br>                              Plaintiffs,<br><br>v.<br><br>BILL McGOWEN; WILLIAM GORE; DIANE JACOB; and HELEN ROBBINS MEYER,<br><br>                              Defendants. | Case No.: 18-cv-0843-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss filed by Defendants William Gore, Dianne Jacob and Helen Robbins-Meyer.[1] (ECF No. 16).

**I.    Background**

    On March 29, 2018 Plaintiffs Thomas Lewis and Leticia Lewis initiated this action by filing a Complaint (ECF No. 1-2) against Bill McGowan, William Gore, Dianne Jacob, and Helen Robbin-Meyers in the Superior Court of California, County of San Diego. The

---

[1] Plaintiffs incorrectly spelled Bill McGowan's last name "McGowen," *see* ECF No. 2, Dianne Jacob's name "Diane" and Helen Robbins-Meyer "Robbins Meyer," *see* ECF No. 16.

boxes on the Complaint for "intentional tort" and "business tort/unfair business practice" are checked. (ECF No. 1-2 at 4, 8). The Complaint alleges that the Defendants "aided and abetted [a] racist bigoted hostile hate group" and "supported and empowered doe pilots acting in a racist bigoted host[ile] group directed towards our family." *Id.* at 5. The Complaint alleges that the actions of the Defendants infringed upon Plaintiffs' "right[] to live in peace without fear" and prevented Plaintiffs from "[o]perat[ing their] licensed childcare facility as [they] had done for the past 30 years." *Id.*

On May 1, 2018, the United States of America, "as the party to be substituted in this action for William J. McGowan III," removed this case to this Court. (ECF No. 1). On May 16, 2018, the United States was substituted for William McGowan. (ECF No. 2). On August 6, 2018, the Court issued an Order dismissing Plaintiffs' claim against the United States without prejudice. (ECF No. 10).

On September 12, 2018, Defendants William Gore, Dianne Jacob and Helen Robbins-Meyer filed a Motion to Dismiss. (ECF No. 16). On September 25, 2018, Plaintiffs filed Opposition.[2] (ECF No. 20). On September 27, 2018, Defendants filed a Reply. (ECF No. 21). On October 5, 2018, Plaintiffs filed a sur-reply. (ECF No. 23).

**II. Motion to Dismiss**

    **a. Contentions**

Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 4(m), 12(b)(4), 12(b)(5), and 12(b)(6).[3] Defendants contend that dismissal is warranted under Rule 12(b)(6) because "Plaintiffs were required to file a timely government claim with the County of San Diego as a prerequisite to bringing a state-law cause of action for

---

[2] Plaintiffs' request that the Court reinstate Bill McGowan as a Defendant was included in Plaintiffs' Opposition. (ECF No. 20 at 7).

[3] The Court finds that Defendants' contention under Rule 12(b)(6) is dispositive of this matter, and declines to address Defendants' contentions for dismissal under Rules 4(m), 12(b)(4) and 12(b)(5).

damages against County employees/officers (Defendants), and Plaintiffs failed to do so." (ECF No. 16-1 at 3).

Plaintiffs contend that "this is a crime of hate, violence and discrimination allowed to form and exist, this should preclude plaintiffs/victims from interaction of same institutions" and "Plaintiff had good reason not to file a claim through county of San Diego FAA. Just on its face our case involves other entities other than the county of San Diego and the FAA." (ECF No. 20 at 2).

**b. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

**c. Discussion**

Under the California Tort Claims Act, before a lawsuit can be filed against a state employee for injury resulting from an act or omission within the scope of their duties, a claim for money damages must first be filed with the public entity employer. Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . .); Cal. Gov't Code § 950.2 (Applying the pre-litigation claim requirements of Section 900 to "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee."); *State v. Superior Court*, 90 P.3d 116, 118 (Cal. 2004) ("As part of the California Tort Claims Act, Government Code section 900 *et seq*. establishes certain conditions precedent to the filing of a lawsuit against a public

3

entity. As relevant here, a plaintiff must timely file a claim for money or damages with the public entity . . . . The failure to do so bars the plaintiff from bringing suit against that entity.").

In this case, Defendants William Gore, Dianne Jacob and Helen Robbins-Meyer are public employees of the state of California. Plaintiffs do not dispute that they did not file claims with the employers of Defendants before commencing this action. *See* ECF No. 20 at 2 ("[T]his is a crime of hate, violence and discrimination . . . this should preclude plaintiffs/victims from interaction of same institutions."). Moreover, Plaintiffs' claim does not fall under one of the limited exceptions to the pre-litigation claim filing requirement. *See* Cal Gov't Code §§ 905, 950.4. Consequently, Plaintiffs have not "state[d] a claim upon which relief can be granted" against Defendants. *See* Fed. R. Civ. P. 12(b)(6); *Superior Court*, 90 P.3d at 120 ("[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a [dismissal] for failure to state a cause of action."). Defendants' Motion to Dismiss is GRANTED.

### III. Request to Reinstate Bill McGowan as a Defendant

On May 16, 2018, the United States was substituted for William McGowan. (ECF No. 2). On August 6, 2018, the Court found that "[t]he factual allegations in the Complaint do not establish that Plaintiffs' claim against the United States is for injuries 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment'" and issued an Order dismissing Plaintiffs' claim against the United States without prejudice. (ECF No. 10). Plaintiff does not include any legal or factual grounds upon which to reinstate the dismissed defendant.[4] The Court declines to reinstate Bill McGowan as a defendant.

//

---

[4] On May 16, 2018, the United States was substituted for William McGowan. (ECF No. 2).

4

## IV. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants William Gore, Dianne Jacob and Helen Robbins-Meyer (ECF No. 16) is GRANTED. Plaintiffs' Complaint is DISMISSED as to Defendants William Gore, Dianne Jacob and Helen Robbins-Meyer with prejudice, since any further amendment would be futile because Plaintiffs have failed to meet the pre-litigation claim presentation requirements of the California Tort Claims Act.[5] IT IS FURTHER ORDERED that any motion to amend the complaint as to Defendant United States of America shall be filed within 30 days of the entry of this order, and must comply with Local Civil Rules 7.1 and 15.1(c). If no motion to amend the complaint is filed, the Court will order the Clerk to close this case.

Dated: January 8, 2019

Hon. William Q. Hayes
United States District Court

---

[5] The Court has considered Plaintiffs' pro se status. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (Pro se pleadings are held to a less stringent standard than those drafted by lawyers). Although a pro se plaintiff is normally entitled to notice and an opportunity to amend before dismissal, it is clear in this instance that no amendment can cure the defects of a claim brought before the pre-litigation claim presentation requirements of the California Tort Claims Act have been satisfied. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.").